## Case No. 14,460.

### UNITED STATES v. ANTHONY.

[14 Blatchf. 92.] [1]

Circuit Court, S. D. New York. Jan. 15, 1877.

INTERNAL REVENUE—ILLEGAL REMOVAL OF SPIRITS.

An indictment, under section 3296 of the Revised Statutes, which charges a removal of a certain quantity of "distilled spirits" on which the tax had not been paid, to a place other than the distillery warehouse, is good.

This was an indictment, under section 3296 of the Revised Statutes, and charged a removal of a certain quantity of "distilled spirits," on which the tax had not been paid, to a place other than the distillery warehouse. The defendant [James Anthony] demurred to the indictment, on the ground that it did not charge any offence.

Roger M. Sherman, Asst. Dist. Atty.

Thomas Harland, for defendant.

BENEDICT, District Judge. While, in a strictly chemical sense, the terms "ethyl alcohol" and "spirits of wine" are generic terms, and the term "distilled spirits," as defined by [Rev. St. U. S.] § 3248, when used in that sense, would be generic, and not necessarily confined to the product of distillation, still, the term "distilled spirits" has also an ordinary and literal meaning, which implies distillation, and, when it is used in the latter sense, it is confined to the product of distillation. It is so used in section 3296 and in this indictment. Consequently, the indictment shows the subject-matter to be subject to tax, under section 3254, and is good.